# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICKEY MCDONALD,

    Plaintiff,

vs.

ISIDRO BACA, et al.,

    Defendants.

Case No. 2:09-CV-01427-GMN-(RJJ)

**ORDER**

    Before the court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it, and the court will serve it upon respondents.

    At all relevant times, plaintiff was a prisoner at the High Desert State Prison. He alleges that defendant Baca, associate warden of operations, and defendant Kuloloia, a case worker, had verbal and written notice that plaintiff had problems with a group of inmates in the yard of the prison. He further alleges that defendants placed him into general population despite that notice, and that three hours after being placed into general population another inmate tried to kill him by striking him with a rock on the back of his head. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." Id. at 837.  If true, plaintiff's allegations show that he faced a serious risk to his safety, that defendants knew of that risk, and that defendants disregarded that risk.

    IT IS THEREFORE ORDERED that the clerk of the court file the complaint.

    IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for defendants.

    IT IS FURTHER ORDERED that the Clerk shall send electronically serve defendants with a copy of the complaint and a copy of this order.  The Attorney General shall advise the Court within twenty (20) days from the date that this order is entered whether service of process for the named defendants is accepted.  If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service.  If service cannot be accepted for any of the named defendants, then Plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.

    IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

    DATED this 9th day of August, 2010.

_____
Gloria M. Navarro
United States District Judge